# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

DARRYL MCGORE,

    Plaintiff,

v.                                                            Case No. 19-13647

CHIEF JUSTICE JOHN H. ROBERTS,
ET. AL.,

    Defendants,
_____/

## OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE AND CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH

Darryl McGore ("Plaintiff") incarcerated at the Baraga Maximum Correctional Facility in Baraga, Michigan, filed a complaint for declaratory judgment against the nine members of the United States Supreme Court. (ECF No. 1.) Upon review of Plaintiff's case and his litigation history in federal court, the court concludes that his complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## I. BACKGROUND

28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350." *See also Owens v. Keeling,* 461 F.3d 763, 773 (6th Cir. 2006). Plaintiff failed to provide the $350.00 filing fee, plus a $50.00 administrative fee, when he filed his complaint. The Prison Litigation Reform Act of 1995 ("PLRA") states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing

fee." 28 U.S.C. § 1915(b)(1); *see also In re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), gives prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *Hampton v. Hobbs*, 106 F.3d 1281, 1284-85 (6th Cir. 1997); *Patts v. Block*, No. 06-CV-12389, 2006 WL 2786957, at *1 (E.D. Mich. Sep. 26, 2006). Because Plaintiff did not submit the necessary filing fee for a civil action, the court will construe his complaint as a request to proceed *in forma pauperis*. *Szymanski v. U.S. Marshall*, No. 14-CV-10305, 2014 WL 1308821, at * 1 (E.D. Mich. Mar. 28, 2014); *Corrion v. State Treasurer*, No. 2:12-CV-15101, 2012 WL 5990119 (E.D. Mich. Nov. 30, 2012).

Plaintiff has had at least eight prior cases that were dismissed for being frivolous, malicious, or for failing to state a claim upon which relief can be granted. *McGore v. Hudson*, No. 1:98-cv-10080 (E.D. Mich. June 2, 1998); *McGore v. Hunter*, No. 2:96-cv-74326 (E.D. Mich. Oct. 15, 1996); *McGore v. Hunter*, No. 2:96-cv-74327 (E.D. Mich. Feb. 10, 1997); *McGore v. Jones*, No. 2:96-cv-74614 (E.D. Mich. Nov. 8, 1996); *McGore v. Michigan Supreme Court Judges*, No. 1:94-cv-517 (W.D. Mich. Jan. 25, 1995); *McGore v. Nardi*, No. 2:93-cv-137 (W.D. Mich. Aug. 2, 1993); *McGore v. Stine*, No. 2:93-cv-112 (W.D. Mich. July 26, 1993); *McGore v. Stine*, No. 2:93-cv-77 (W.D. Mich. Apr. 30, 1993).

In addition, Plaintiff has been previously denied leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), the "three-strikes" rule, because of these frivolity dismissals. *McGore v. Michigan State Police*, No. 2:19-CV-228, 2019 WL 6522144 (W.D. Mich. Dec. 4, 2019); *McGore v. Schuette*, No. 2:18-CV-103, 2018 WL 577320

(W.D. Mich. Nov. 2, 2018); *McGore v. Shenk*, No. CV 17-13320, 2017 WL 11473286 (E.D. Mich. Nov. 16, 2017); *McGore v. Trinity Food Grp.*, No. 2:17-CV-13135, 2017 WL 4348844 (E.D. Mich. Sept. 29, 2017); *McGore v. United States Supreme Court, et. al.,* No. 14-14176 (E.D. Mich. Jan. 8, 2015); *McGore v. Lutz*, No. 2:09-CV-13031, 2009 WL 2959874 (E.D. Mich. Sept. 11, 2009).

## II. DISCUSSION

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Under 28 U.S.C. § 1915(g), a federal court shall dismiss a case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F.Supp. 538, 540 (E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *Mulazim v. Mich. Dept. of Corr.*, 28 Fed. App'x 470, 472 (6th Cir. 2002); *Clemons v. Young,* 240 F.Supp.2d 639, 641 (E.D. Mich. 2003). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F.Supp. at 539. The federal courts in general, and this court in particular, can take judicial notice of a plaintiff's prior

dismissals for purposes of § 1915(g). *Taylor v. United States*, 161 Fed. App'x. 483, 485-86 (6th Cir. 2005).

Plaintiff has had at least eight prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. The fact that most, if not all, of Plaintiff's cases were dismissed prior to the enactment of the PLRA does not mean that they cannot be used to deny Plaintiff permission to proceed without prepayment of fees or costs. *Mulazim*, 28 Fed. App'x at 472. Dismissals of prior actions entered prior to the effective date of the PLRA may be counted towards the three strikes allowed inmates under the PLRA to preclude an inmate from proceeding *in forma pauperis* in a civil action. *Id.*

Plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g). *Mulazim*, 28 Fed. App'x at 472. Plaintiff's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g). Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F.Supp. at 540.

Since Plaintiff has had eight prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, § 1915(g) bars him from appealing *in forma pauperis.* The court therefore refuses to certify that an appeal from this dismissal would be in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

### III.  CONCLUSION

At least eight prior claims by Plaintiff have been dismissed in a federal court as frivolous, malicious, or for failing to state a claim upon which relief can be granted. Plaintiff qualifies for the three-strikes rule under 28 U.S.C. § 1915(g) and cannot proceed *in forma pauperis*. Thus, Plaintiff's complaint will be dismissed without prejudice. The court will decline to certify than an appeal would be made in good faith. Accordingly,

IT IS ORDERED that the Plaintiff Darryl McGore's *in forma pauperis* status is DENIED and Plaintiff's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED AND CERTIFIED that any appeal taken by Plaintiff would not be done in good faith.

<pre>
                                          s/Robert H. Cleland           /
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE
Dated:  December 23, 2019
</pre>

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 23, 2019, by electronic and/or ordinary mail.

<pre>
                                          s/Lisa Wagner                 /
                                          Case Manager and Deputy Clerk
                                          (810) 292-6522
</pre>

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-13647.MCGORE.DismissalWithoutPrejudice.DHB.RMK.docx