**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

___

DARRYL MCGORE,

    Plaintiff,

v.                                        Case No. 19-13647

CHIEF JUSTICE JOHN H. ROBERTS,
*et. al.*,

    Defendants,
_____/

**ORDER DENYING PLAINTIFF'S PENDING MOTIONS**

Plaintiff Darryl McGore, a prisoner at Baraga Maximum Correctional Facility, filed a complaint for declaratory judgment against the nine members of the United States Supreme Court. (ECF No. 1.) The court dismissed Plaintiff's complaint without prejudice pursuant to 28 U.S.C. § 1915(g) because Plaintiff had at least eight prior cases that were dismissed for being frivolous, malicious, or for failing to state a claim upon which relief can be granted. (ECF No. 5, PageID.21, 24.)

Under § 1915(g), a federal court shall dismiss a case if, on three or more previous occasions, a federal court dismissed an incarcerated plaintiff's action because it was "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." *See Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997) (Gadola, J.). The "three-strikes" provision of § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003) (Lawson, J.).

Plaintiff filed several motions after the dismissal of his complaint: a "Motion to [A]dd and [A]mend [C]omplaint," (ECF No. 6); a "Motion for [A]ppointment of [C]ounsel," (ECF No. 7); a "Motion for [T]emporary [R]estraining [O]rder," (ECF No. 8); a "Motion . . . for [P]reliminary [I]njunction," (ECF No. 9); and a second "Motion to Add and Amend Complaint," (ECF No. 10).

The motions are largely illegible. The court cannot discern what Plaintiff's arguments may be. *See, e.g.*, *Edwards v. Hofbauer*, No. 07-12874, 2007 WL 2049913, at *1 (E.D. Mich. July 13, 2007) (O'Meara, J.) ("The Court further notes that the petition is largely illegible. Consequently, the Court cannot discern the factual or legal basis for Petitioner's . . . claims."); *Sudberry v. Jackson*, No. 10-102, 2010 WL 816207, at *2 (S.D. Ohio Mar. 4, 2010) ("The remainder of [the plaintiff's] allegations are illegible and therefore the Court is unable to discern any claim for relief based on these allegations."). From what little the court can discern, Plaintiff may be seeking reconsideration of the court's earlier order. There is no basis for finding that its opinion dismissing this case without prejudice justifies reconsideration, in that there was no "palpable defect" that "misled" the court and that correcting any defect would not "result in a different disposition." E.D. Mich. L.R. 7.1(h)(3).

The court is inclined deny all of Plaintiff's motions as illegible, but inasmuch as the case has already been dismissed without prejudice based on the three-strikes provision of § 1915(g), the motions will be denied as moot. *See, e.g.*, *Tucker v. Kandulski*, No. 15-CV-11117, 2015 WL 5692909, at *6 (E.D. Mich. Sep. 28, 2015) (Drain, J.). Accordingly,

IT IS ORDERED that Plaintiff's "Motion to [A]dd and [A]mend [C]omplaint" (ECF No. 6), "Motion for [A]ppointment of [C]ounsel" (ECF No. 7), "Motion for [T]emporary [R]estraining [O]rder" (ECF No. 8), "Motion . . . for [P]reliminary [I]njunction" (ECF No. 9), and second "Motion to Add and Amend Complaint" (ECF No. 10) are DENIED.

        s/Robert H. Cleland        /
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  September 1, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 1, 2020, by electronic and/or ordinary mail.

        s/Lisa Wagner        /
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-13647.MCGORE.OrderDenyingPendingMotions.DHB.RMK.docx